HARDING, J.,
dissenting.
I respectfully dissent. Article XI, section 3 of the Florida Constitution requires that a constitutional amendment proposed by an initiative petition “embrace but one subject and matter directly connected therewith.” I believe that the proposed citizen initiative amendment in the present case violates the ■ single-subject requirement of article XI, section 3.
As the majority points out, there are two reasons for the single-subject requirement. See majority op. at 369-370. First, the requirement is intended to prevent “logrolling.” See Advisory Opinion to the Attorney General—Limited Marine Net Fishing, 620 So.2d 997 (Fla.1993). Second, the requirement is intended to prevent a single constitutional amendment from substantially altering or performing the functions of multiple aspects of government. See In re Advisory Opinion to the Attorney General—Save Our Everglades, 636 So.2d 1336 (Fla.1994). I believe the proposed citizen initiative amendment in the present case runs afoul of the second reason.
This Court has held in the past that “a proposed amendment can meet the single-subject requirement even though it affects multiple branches of government.” Advisory Opinion to the Attorney General re Limited Casinos, 644 So.2d 71, 74 (Fla.1994). In fact, we have acknowledged that “we find it difficult to conceive a constitutional amendment that would not affect other aspects of government to some extent.” Id. However, as this Court stated in Save Our Everglades, “[although a proposal may affect several branches of government and still pass muster, no single proposal can substantially alter or perform the functions of multiple branches.” 636 So.2d at 1340 (footnote omitted).
The proponents of the proposed citizen initiative amendment state that the amendment will substantially alter or perform the functions of the legislative branch by removing any discretion the Legislature had to proceed with the development of a high speed ground transportation system. However, the proponents argue that the amendment will not substantially alter or perform the functions of either of the *372 other two branches of government. Yet, what distinguishes the proposed amendment in this case from other amendments that this Court has approved in the past is the language in the amendment that requires both the legislative branch and the executive branch to proceed with the development of a high speed ground transportation system: “The Legislature, the Cabinet, and the Governor are hereby directed to proceed with the development of such a system by the State and/or by a private entity pursuant to state approval and authorization, including the acquisition of right-of-way, the financing of design and construction of the system, and the operation of the system, as provided by specific appropriation and by law, with construction to begin on or before November 1, 2003.” (Emphasis added.) The proposed amendments that this Court has approved in the past did not explicitly direct more than one branch of government to act or refrain from acting in a particular way. For instance, in Limited Casinos, the proposed amendment merely stated that “the legislature shall implement this section” and did not direct the Governor or executive branch to comply with the proposal. See Limited Casinos, 644 So.2d at 73.
The instant proposed amendment goes far beyond any of the amendments we have approved in the past. By requiring the Governor to “proceed” with the proposed amendment in the present case, the amendment would, in effect, strip the Governor of the constitutional authority to veto legislation relating to the amendment. See art. Ill, § 8, Fla. Const. (“Every bill passed by the legislature shall be presented to the governor for approval and shall become a law if the governor approves and signs it, or fails to veto it within seven consecutive days after presentation.”). By negating the Governor’s right to veto legislation, it follows that the proposed amendment does not simply affect the executive branch; rather, the proposed amendment substantially alters or performs the constitutional functions of the executive- branch. The majority recognizes that a similar effect on both the Legislature’s appropriation function and the Governor’s veto power was the fatal flaw that required us to strike down the proposed amendment in Advisory Opinion to the Attorney General re Requirement for Adequate Public Education Funding, 703 So.2d 446 (Fla.1997). See majority op. at 370.
Accordingly, because the proposed amendment will substantially alter or perform the functions of both the legislative branch and the executive branch, I find that the amendment violates the single-subject requirement of article XI, section 3, and should be stricken from the ballot.